Documentary Stamp Tax — Urban Renewal Authority — Exempt Deeds to property acquired by an Urban Renewal Authority, established under 11 O.S. 1601 [11-1601] (1961), et seq., would require documentary stamps affixed thereto under the provisions of 68 O.S. 5101 [68-5101] — 68 O.S. 5107 [68-5107] [68-5107] (1967), for the reason that the tax represented by the stamps is on the seller of the property to the Authority and no property or funds of the Authority is involved. An Urban Renewal Authority would not be required to affix stamps, under the provisions of 68 O.S. 5101 [68-5101] — 68 O.S. 5107 [68-5107] [68-5107] (1968), to deeds wherein such Authority was grantor. The Attorney General is in receipt of your letter of January 11, 1968, regarding our Opinion No. 67-448 issued January 2, 1968; you request recall and review of this opinion in light of the opinion of the Supreme Court of Oklahoma in consolidated cases No. 41-276, not yet published. The question asked in Opinion No. 67-448 was as follows: "Would deeds to the property acquired by an Urban Renewal Authority (established under 11 O.S. 1601 [11-1601] (1961), et seq.) require documentary stamps to be affixed to the deed under the provisions of 68 O.S. 5101 [68-5101] — 68 O.S. 5107 [68-5107] (1968)?" The exemptions provided in the Documentary Stamp Tax Act, 68 O.S. 5101 [68-5101] — 68 O.S. 5107 [68-5107] (1968) as applied to your question, are as follows: "5102. The tax imposed by Section I of this Act shall not apply to: "(b) Deeds to property acquired by the United States of America, the State of Oklahoma or any of their instrumentalities, agencies, or subdivisions. "5103. The taxes imposed by Section I of this act shall be paid by any person who makes, signs, issues, or sells any of the documents and instruments subject to the taxes imposed by Section 1, or for whose use or 13 benefit the same are made, signed, issued or sold. The State of Oklahoma or any agency or instrumentality thereof shall not be liable for the tax with respect to an instrument to which it is a party and affixing of stamps thereby shall not be deemed payment for the tax, which may be collected by assessment from any other party liable therefor." (Emphasis added) Your attention is further directed to 11 O.S. 1615 [11-1615](b) which in part provides: "(b) The exercise of powers granted by this Act will be in all respects for the benefit of the people of this State, and its political subdivisions, and the incorporated cities of this State, for the improvement of the public health, safety, morals and general welfare of the people. The activities of an Urban Renewal Authority pursuant to this Act constitute an essential governmental function and the property or funds of an Urban Renewal Authority, acquired or held for the purposes and such property shall be exempt from all taxes of the State, the county, the incorporated city or any other municipal corporation or political subdivision thereof; provided, that such tax exemption shall terminate when the Urban Renewal Authority sells such property in an urban renewal area to a purchaser who is not a public body entitled to a tax exemption with respect to such property; or if such property is leased by the Urban Renewal Authority, then the improvements placed thereon shall not be entitled to such tax exemption. Provided, further, that the Urban Renewal Authority is limited in its authority to acquire property to the acquisition which is necessary in the carrying out of an urban renewal plan." (Emphasis added) The tax imposed by Section 5101 of the Documentary Stamp Tax Act is on the seller as provided in Section 5103, supra. It is the opinion of the Attorney General that your question be answered in the affirmative. Deeds to property acquired by an Urban Renewal Authority, established under 11 O.S. 1601 [11-1601] (1961), et seq., would require documentary stamps affixed thereto under the provisions of 68 O.S. 5101 [68-5101] — 68 O.S. 5107 [68-5107] [68-5107] (1967), for the reason that the tax represented by the stamps is on the seller of the property to the Authority and no property or funds of the Authority is involved. However, we are confronted with an entirely different question when an Urban Renewal Authority executes a deed to property owned by such Authority In the consolidated cases of Isaacs v. Oklahoma City and Roof v. Tulsa Urban Renewal Authority, Numbers 41,276, and 41,527, Supreme Court of Oklahoma, respectively, not yet reported, the court said in the sixth paragraph of the syllabus, "Exemption of property from taxation, while it is owned by a city, or an Urban Renewal Authority, does not do violence to constitutional provisions with respect to taxation." Therefore, an Urban Renewal Authority would not be required to affix stamps, under the provisions of 68 O.S. 5101 [68-5101] — 68 O.S. 5107 [68-5107] (1967), to deeds wherein such Authority was grantor. Opinion No. 67-448 is hereby withdrawn and this opinion substituted therefor. (W. J. Monroe)